United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY,<br><br>    Plaintiff,<br><br>  v.<br><br>NEWSCORP,<br><br>    Defendant. | No. C -12-01293 EDL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Plaintiff Marc Olin Levy filed his complaint and Application to Proceed In Forma Pauperis on March 14, 2012. On March 28, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] For the reasons set forth below, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses Plaintiff's complaint without prejudice.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Under 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Supreme Court held in Neitze that a court may dismiss an

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

in forma pauperis complaint sua sponte under 28 U.S.C. § 1915(d) when the claim is "fantastic or delusional. . . ." Neitze, 490 U.S. at 328.  Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  Id. at 324.

Plaintiff's Application to Proceed In Forma Pauperis adequately alleges Plaintiff's poverty. Plaintiff states that he is not employed, and that he receives $850.00 per month in federal benefits. He states that his rent payment is $475.00 and that he spends $160.00 monthly on food. He states that he has a bank account, but that there is a zero balance. He states that he has $6,000 in debt. He does not own a home or a car. Thus, Plaintiff's monthly expenses appear to meet or possibly exceed his income. Therefore, Plaintiff's Application to Proceed In Forma Pauperis is granted.

However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted. Plaintiff's complaint is generally difficult to comprehend, but seems to allege that Plaintiff submitted stories to Fox KTVU News which he believes relate to public safety and the station did not report on these stories. He references an FCC guideline, but the complaint does not state a cognizable claim for violation of any state or federal law. Plaintiff's complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Therefore, Plaintiff's complaint is dismissed.

Because Plaintiff is proceeding pro se, the Court will give him an opportunity to amend his complaint to comply with the Federal Rules of Civil Procedure. Plaintiff is encouraged to obtain the Handbook for Litigants Without a Lawyer, which is available in the clerk's office at 450 Golden Gate Avenue, San Francisco, California, or on the Court's website (www.cand.uscourts.gov). Any amended complaint shall be filed no later than April 16, 2012. Failure to file an amended complaint by April 16, 2012 will result in dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Dated: April 4, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

2